# EXHIBIT "1"

Docket #1397  Date Filed: 08/24/2023
United States Bankruptcy Court
Southern District of Texas

**ENTERED**
August 24, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 23-90147** |
| **MOUNTAIN EXPRESS OIL COMPANY,** | § | **CHAPTER 11** |
| | § | **David R. Jones** |
| **Debtors.** | § | **Jointly Administered** |

**ORDER (I) CONVERTING CHAPTER 11 CASES,
(II) REJECTING LEASES, (III) TERMINATING CERTAIN AGREEMENTS, AND
(IV) GRANTING RELATED RELIEF**

Upon the Court's *sua sponte* motion to convert the chapter 11 cases for the above-referenced Debtors to cases under chapter 7 of the Bankruptcy Code  (the  "Motion"), **IT IS HEREBY ORDERED** that:

1.       These Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code.  The United States Trustee is requested to immediately appoint a chapter 7 trustee.

2.       All unexpired leases of non-residential real property of the Debtors' estates to which the Debtor is a lessee are deemed rejected and terminated as of the entry of this Order.  All unexpired leases of non-residential real property of the Debtors' estates to which the Debtor is a lessor are deemed rejected as of the entry of this Order.

3.       All licenses for the third-party branding of individual operating sites are terminated.  All licenses to use third-party intellectual property, copyrights or service marks are terminated.

4.       Any owner of property on which an abandoned C-Store is situated may immediately enter the premises and take reasonable actions to secure, protect and maintain the property.

2390147230824000000000030

5.     All agreements between any Debtor(s) and any fuel supplier[1] are rejected and terminated as of the date of this Order.

6.     All agreements between any Debtor(s) and any operator relating to the supply of fuel are deemed rejected and terminated as of the Date of this Order.

7.     Nothing herein affects any estate right in property, including inventory, store cash, and fuel in the ground, as well as proceeds therefrom or the DIP Agent's rights in such property.

8.     Upon entry of this order, the automatic stay under 11 U.S.C. § 362 is terminated as to any counterparty to a rejected or terminated contract or lease regarding the subject matter of such rejected or terminated agreement or lease.  Counterparties are not required to provide any notice to any of the Debtors or the Trustee under the Petroleum Marketing Practice Act or any other regulation, statute, or agreement. Nothing in this order shall alter, impair, condition, limit, release, or otherwise prejudice or diminish any setoff, recoupment, or similar rights held by a counterparty against the Debtors, the Debtors' estates, or any collateral or credit assurance provided to any counterparty by or on behalf of the Debtors. Additionally, nothing herein shall prejudice the rights or claims, if any, held by the estates against the funds currently held by any counterparties attributable to credit card receipts.

9.     All proofs of claim for contract rejection or other termination damages shall be filed or otherwise asserted pursuant to applicable bar dates set in the chapter 7 cases.

10.     The Debtors and their retained professionals shall promptly turn over to the chapter 7 trustee any and all records and estate property under their possession, control or custody, including but not limited to any estate cash or other property held in escrow or trust. Notwithstanding the foregoing, any fee reserves held by the professionals shall remain in the

---

[1]  Including but not limited to the parties identified on Exhibit 1.

*status quo*, subject of a future order.

11. The DIP Lenders' collateral shall be subject to a "carve-out" in the amount of $1.5 million for the benefit of (i) the Chapter 11 Trustee and the Chapter 11 Trustee's professionals with respect to allowed chapter 11 administrative expense claims; (ii) the Debtors' employees for ordinary course accrued and unpaid wages, to the extent not already funded to the Debtors' payroll processing service; and (iii) necessary expenses related to records retention and administrative expenses of the estate, including but not limited to trust fund taxes incurred subsequent to the chapter 11 trustee appointment.

12. Notwithstanding any bar date established for filing proofs of claim in the Chapter 11 cases, upon conversion of the cases, Bankruptcy Rule 1019(2) shall apply.

13. This Court retains exclusive jurisdiction with respect to all matters, claims, rights or disputes arising from or related to the implementation, interpretation, and enforcement of this Order and any other orders entered in these cases.

14. Any applicable stay is waived for cause. This order is effective immediately.

**SIGNED: August 24, 2023.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**